## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **Diana Rattler-Bryceland and Phillip Randall Hampton on behalf of themselves and all those similarly situated,** | § § § § § | |
| **Plaintiffs,** | § § | **CIVIL ACTION NO.** __CIV-22-106-R__ |
| **v.** | § § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **Boutchantharaj Corp., d/b/a DFW Security Protective Force.,** | § § § | |
| **Defendant.** | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

Representative Plaintiffs, Diana Rattler-Bryceland and "Randy" Phillip Randall Hampton, bring this action against Defendant Boutchantharaj Corp., d/b/a DFW Security Protective Force, (hereinafter referred to as "Boutchantharaj Corp" or "Defendant"), on behalf of themselves and all others similarly-situated, for legal relief to redress unlawful violations of Plaintiffs' rights under the Fair Labor Standards Act of 1938 ("FLSA" or "the Act"), 29 U.S.C. §§ 201, *et seq.*, and specifically the collective action provision of the Act found at § 216(b), to remedy violations of the overtime wage provisions of the FLSA by Defendant which have deprived the Representative Plaintiffs, as well as others similarly situated to the Representative Plaintiffs, of their lawful wages.

## JURISDICTION

1.    Jurisdiction over Plaintiffs' claims is based upon: (a) Section 16(b) of the FLSA, 29 U.S.C. § 216(b), which authorizes employees to bring civil actions in courts of appropriate jurisdiction to recover damages for an employer's failure to pay overtime wages as required by the FLSA; and (b) 28 U.S.C. §§ 1331.

VENUE

2.      Venue is proper in the Western District of Oklahoma, pursuant to Title 28 U.S.C. § 1391(b) and (c).   At all times material herein (1) Boutchantharaj Corp has conducted business in the State of Oklahoma, (2) Defendant is doing business in this District, and (3) many of the unlawful practices described herein occurred in this District.

NATURE OF CASE

3.      Plaintiffs are current or former employees of the Defendant, and bring this action as a collective action in accordance with 29 U.S.C. § 216(b) of the FLSA against the Defendant on behalf of themselves and all others similarly situated because of Defendant's unlawful deprivation of Plaintiffs' rights to overtime compensation.   Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201 *et seq.*

4.       Boutchantharaj Corp. operates in several locations in several states within the United States.   Boutchantharaj Corp. operates in Oklahoma City through the employment of security guards at the Mike Monroney Aeronautical Center in Oklahoma City.   The Mike Monroney Aeronautical Center is located at 6500 S. MacArthur Blvd., Oklahoma City, Oklahoma 73169.   The Boutchantharaj Corp. receives federal funds for the services it provides (though Plaintiffs) at the Mike Monroney Aeronautical Center.

5.      The Representative Plaintiffs are security guards for Boutchantharaj Corp at the Mike Monroney Aeronautical Center.

6.      Plaintiffs consistently work more than 40 hours per week for Defendant but are not being paid overtime correctly.   While Defendant is paying some overtime to Plaintiffs, it is not using the proper calculation to determine overtime pay.   The Boutchantharaj Corp. is failing to use the correct and full regular rate to calculate overtime for Plaintiffs.

**PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND**                                              **Page 2**

7.     The Boutchantharaj Corp. is therefore not paying Plaintiffs overtime correctly pursuant to and required by federal law.

8.     Plaintiffs' FLSA claims are brought under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as an "opt-in" collective action (hereinafter, "the Collective Action").   The Collective Action is brought on behalf of all persons in the United States who have been, are and/or will be employed by Defendant as armed or unarmed guards within Defendant's numerous facilities across the United States (hereinafter, "the FLSA Employees").   This Collective Action seeks to (i) recover unpaid overtime compensation owed to the FLSA Employees, (ii) obtain an equal amount in liquidated damages, as provided by Section 16(b) of the FLSA, and (iii) recover reasonable attorneys' fees costs of the action, as provided for by Section 16(b) of the FLSA. Plaintiff Diana Rattler-Bryceland and Plaintiff "Randy" Phillip Randall Hampton are identified in the caption of the Complaint and have given their consent to be named Representative Plaintiffs in this action pursuant to 29 U.S.C. § 216(b).

PARTIES

9.     **The FLSA Employees**.   The Collective Action is maintained under 29 U.S.C. § 216(b) on behalf of all past, present and future employees of Defendant who have been, are and/or will be employed as armed or unarmed security guard employees within the Boutchantharaj Corp. facilities in the United States.

10.     **Plaintiff Diana Rattler-Bryceland**. Ms. Rattler-Bryceland is an individually named Representative Plaintiff and is a female citizen of the United States and a resident of Oklahoma.   She is employed by the Defendant as an unarmed security guard employee in the State of Oklahoma and has been employed by Defendant since approximately 2016 to present. During her employment with Defendant, Ms. Rattler-Bryceland, like other persons employed as an unarmed security guard employee of Defendant, has not been paid her correct and full overtime

by Defendant.   Defendant has failed to properly calculate and pay her overtime pay because Defendant is failing to use her full regular rate in calculating her overtime pay.   Defendant is failing to include a uniform maintenance payment within its calculation of the regular rate. Defendant is failing to include a health and welfare payment in its calculation of the regular rate. Because the Boutchantharaj Corp. is failing to include these payments within its calculation of the regular rate, it is then underpaying overtime.   As a result, Ms. Diana Rattler-Bryceland, like other persons employed as unarmed guard employees within the facilities by Defendant, worked in excess of forty (40) hours in a workweek, yet was not properly paid overtime wages for the additional work time.   Ms. Diana Rattler-Bryceland has been injured by the illegal practices and conduct alleged in this Complaint.   Ms. Diana Rattler-Bryceland's claims under the FLSA are similar to and typical of the claims of the unarmed guard FLSA Employees.

11.   **Plaintiff "Randy" Phillip Randall Hampton.** Mr. Hampton is an individually named Representative Plaintiff, is a male citizen of the United States, and a resident of Oklahoma. He is employed by the Defendant as an armed security guard employee in the State of Oklahoma from approximately August 2018 to present.   During his employment with Defendant, Mr. Hampton, like other persons employed as an armed security guard employee of Defendant, has not been paid his correct and full overtime by Defendant.   Defendant has failed to properly calculate and pay his overtime pay because Defendant is failing to use his full regular rate in calculating his overtime pay.   Defendant is failing to include a uniform maintenance payment within its calculation of the regular rate.   Defendant is failing to include a health and welfare payment in its calculation of the regular rate.   Because the Boutchantharaj Corp. is failing to include these payments within its calculation of the regular rate, it is then underpaying overtime.   As a result, Mr. Hampton, like other persons employed as armed guard employees within the facilities by Defendant, worked in excess of forty (40) hours in a workweek, yet was not properly paid overtime

wages for the additional work time.   Mr. Hampton has been injured by the illegal practices and conduct alleged in this Complaint.   Mr. Hampton's claims under the FLSA are similar to and typical of the claims of the armed gaurd FLSA Employees.

12.     **Defendant Boutchantharaj Corp.**   Defendant Boutchantharaj Corporation is a Foreign for profit business corporation with its corporate headquarters in Fort Worth, Texas. Boutchantharaj Corp. does business in the State of Oklahoma and within this District. Boutchantharaj Corp. may be served with process through its registered agent for service of process, the Secretary of State, 2300 N. Lincoln Blvd., Ste 101, Oklahoma City, Oklahoma, 73105-4897.

13.     **Opt-in Plaintiffs**.   At the time of filing this complaint, 32 plaintiffs have opted into this litigation (including the two Representative Plaintiffs).   These 32 individuals have provided consent forms seeking to opt into this FLSA litigation.   True and correct copies of the opt-in forms of these individuals are attached hereto as **Exhibit 1** to this Complaint with only the individuals' private contact information redacted.   The following individuals have opted into this suit even without the benefit of court provided notice which Plaintiffs will soon seek:

1.     Bret A.T. Badsky,

2.     Jenna Baker,

3.     Michael Bizzell,

4.     Joseph Borst,

5.     Ennis Breckinridge, II,

6.     Ricardo Burns,

7.     James Collier,

8.     Gary K. Flatt Jr.,

9.     Teressa Foust,

10.     Raphael Fuentes,

11.     William Garrett,

12.     Samuel Godwin,

13.     Phillip "Randy" Hampton (a named Representative Plaintiff),

14.     Asencion Herrera,

15.     Thomas Howard,

16.     Rex Lewis,

17.     Paul Little,

18.     Roger Montyoya,

19.     Charles Moreland,

20.     Lawrence Morphew,

21.     Carlton Morrison,

22.     Jose Ramirez,

23.     Diana Rattler-Bryceland (a named Representative Plaintiff),

24.     Charlotte Reding,

25.     Ashley Rhea,

26.     Dustin Rice,

27.     Ron Ross,

28.     Christopher Self,

29.     Bernard Sharperson,

30.     Jeremy Stone,

31.     Blair Summers, and

32.     Dillion Tissinton

COLLECTIVE ACTION ALLEGATIONS

14.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek to prosecute their FLSA claims, as a collective action on behalf of all persons who were, are and/or will be employed by Defendant in the positions of armed and unarmed guard employees within the Defendant's numerous facilities throughout the United States and who were not paid overtime correctly because of Defendant's miscalculation of their regular rate.

15.     Defendant has failed and refused to pay Plaintiffs and the FLSA Employees their full overtime (time-and-one-half their correct regular rate) for the hours worked as described above because Defendant has not used the full regular rate for Plaintiffs in calculating their overtime rate when paying overtime.

16.     Defendant knew or should have known that its policies and practices violate the FLSA.   Defendant is not even arguably exempt from paying Plaintiffs and the FLSA Employees at overtime rates.   Indeed, Defendant is paying these individuals overtime, just not paying them overtime correctly in compliance with the FLSA.

17.     During the liability period, Defendant has not employed Plaintiffs or any of the FLSA Employees in bona fide executive positions.

18.     During the liability period, Defendant has not employed Plaintiffs or any of the FLSA Employees as bona fide administrative employees.

19.     During the liability period, Defendant has not employed the Plaintiffs or any of the FLSA Employees in bona fide professional positions.

COUNT I

**PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND**                                    **Page 7**

<u>FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF</u>

<u>29 United States Code, Section 207(a)(1)</u>

20.     Plaintiffs reallege the allegations set forth in Paragraphs 1 through 19 of this Complaint.

21.     The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

22.     Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), requires employers to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked in the workweek in excess of forty (40) hours.  Defendant violated the FLSA by failing to paying Plaintiffs one and one-half times the Plaintiffs' regular rate of pay for the hours worked in excess of 40 hours for numerous workweeks.

23.     Defendant has engaged in a general practice of failing to correctly pay overtime compensation in compliance with the FLSA to its armed and unarmed gaurd employees within the numerous facilities in which Defendant provides armed and unarmed guard services.

24.     Defendant's failure to compensate current and former armed and unarmed guard employees within its numerous facilities for overtime violates the overtime compensation requirements of the FLSA, 29 U.S.C. § 207(a)(1).

25.     Defendant's violations of the FLSA as alleged herein have been done in a willful and bad faith manner such that the Plaintiffs and the FLSA Employees are entitled to damages equal to the amount of overtime premium pay within the three years preceding the filing of this complaint, plus periods of equitable tolling.  Defendant knew, had reason to know, or showed reckless disregard for whether its failure to pay overtime compensation to non-exempt armed and

unarmed gaurd employees for all hours worked in excess of 40 hours in any workweek constituted a violation of the overtime compensation requirements of the FLSA, 29 U.S.C. § 207(a)(1).

26.     By reason of the Boutchantharaj Corp.'s failure to pay Plaintiffs and the FLSA Employees for overtime as required by the FLSA, Plaintiffs and the FLSA Employees are entitled to recover all amounts owing under the FLSA, including all unpaid wages, liquidated damages in an amount equal to the unpaid overtime compensation, and such legal and equitable relief as may be appropriate, as provided in 29 U.S.C. § 215(a), 216(b) and 217, along with reasonable attorneys' fees and costs of this action, as provided in 29 U.S.C. § 216(b).   Plaintiffs and the FLSA Employees are threatened with further injury and loss which are irreparable in nature and for which they have no adequate remedy at law.

27.     The employment and work records for the Plaintiffs and the FLSA Employees are in the exclusive possession, custody and control of Defendant, and Plaintiffs are unable to state at this time the exact amount owing to each of them.   The Boutchantharaj Corp. is under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiffs' and the FLSA Employees' payroll and other employment records from which the amounts of Defendant's liability can be ascertained.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs respectfully pray:

A.     That collective action opt-in procedures be adopted with respect to the claims asserted under the Fair Labor Standards Act.

B.     That the practices of the Boutchantharaj Corp. complained of herein be adjudged, decreed and declared to be violative of the rights of Plaintiffs and the FLSA Employees under the FLSA, 29 U.S.C. § 201 *et seq.*

C.     That a permanent prohibitory injunction be issued prohibiting the Boutchantharaj

Corp., its officers, agents, employees, and successors, from engaging in the employment practices complained of herein.

D.      That a permanent mandatory injunction be issued requiring that the Boutchantharaj Corp. adopt wage/hour and record-keeping practices in conformity with the requirements of the FLSA, 29 U.S.C. § 206 *et seq.*

E.      That judgment be entered in favor of Plaintiffs and the FLSA Employees against Defendant, for all unpaid overtime compensation and additional equal amounts as liquidated damages, all in amounts to be established at trial.

F.      For entry of an Order enjoining the Boutchantharaj Corp. and its agents and employees from subjecting Plaintiffs and the FLSA Employees to any acts of retaliation for prior actions, or for bringing or participating in this action.

G.      That the Court order the Boutchantharaj Corp. to pay counsel for the Plaintiffs and the FLSA Employees their reasonable attorneys' fees and the costs and expenses of this action.

H.      That Plaintiffs and the FLSA Employees be awarded such other and further relief and equitable relief as may be found appropriate, just and/or equitable.

<u>JURY DEMAND</u>

Plaintiffs demand trial by jury on all issues triable of right by a jury.

Dated:   January 25, 2022.

Respectfully submitted,

By: */s/ George J. McCaffrey*          (filing attorney)
George J. McCaffrey, OBA#5851
McCaffrey & Associates, PLLC
P.O. Box 23865
Oklahoma City, OK 73123
Telephone: (405) 767-3300
Facsimile: (405) 767-3309
Email: George@McCaffreyLegal.com

By: */s/ Joseph H. Gillespie*
Joseph H. Gillespie
Texas State Bar No. 24036636
*A pro hac vice* motion will be filed shortly
Email: joe@gillespiesanford.com
GILLESPIE SANFORD LLP
4803 Gaston Ave.
Dallas, Texas 75246
Phone: (214) 800-5111
Fax:    (214) 838-0001

ATTORNEY FOR PLAINTIFFS