**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **Diana Rattler-Bryceland and Phillip Randall Hampton on behalf of themselves and all those similarly situated,** | § | **Civil Action No. 5:22-cv-00106-R** |
| **Plaintiffs,** | § | |
| **v.** | § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **Boutchantharaj Corp., d/b/a DFW Security Protective Force.,** | § | |
| **Defendant.** | § | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION AND BRIEF FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Local Rule 7.1(i), Representative Plaintiffs, Diana Rattler-Bryceland and "Randy" Phillip Randall Hampton, on behalf of themselves and all others similarly situated ("Plaintiffs"), file this short reply brief in support of Plaintiff's motion for partial summary judgment and respectfully state as follows:

**1. The *Phelps* Decision Is Unpersuasive**

The issue before the court, by agreement of the parties, turns on a legal issue that is ripe for the Court to decide. Plaintiffs have cited to the decision of a Tenth Circuit district court case, *Barnes v. Akal Security, Inc.*, 2005 U.S. Dist. LEXIS 12268, D. Kan. 2005), which is directly on point and which favors Plaintiffs' position. Plaintiffs have also cited to the Fifth Circuit district court case, *Bonner v. Metro. Sec. Servs.*, 2011 U.S. Dist. LEXIS 26251 (W.D. Tex. 2011), which is also directly on point and which favors Plaintiffs' position. In contrast, Defendant relies upon the Seventh Circuit district court decision of *Phelps v. Parsons Technical Support, Inc.*, 2010 U.S. Dist. LEXIS 116197 (S.D. Ind. 2010), which favors Defendant's position. Mindful of the local

rules, Plaintiffs do not restate their prior briefing regarding *Barnes* or *Bonner* here, other than to contrast those decisions with that of *Phelps*.

First, Defendant has pointed to no Tenth Circuit decision that supports its position, whereas Plaintiffs have *Barnes* which supports Plaintiffs.

Second, both *Barnes* and *Bonner* are more logical based upon the plain language of the statutes at issue. In both *Barnes* and *Bonner*, it was determined that the statutory language does not support the defendants' exclusion of cash payments from the calculation of the regular rate. The SCA, on its face, states:

> in determining any overtime pay to which such service employees are entitled under any Federal law, the regular or basic hourly rate of pay of such an employee shall not include any fringe benefit payments computed hereunder *which are excluded from the regular rate under the Fair Labor Standards Act.*

41 U.S.C. § 355 (emphasis added). *Barnes*, analyzing this language, held that:

> **The plain language** of section 355 suggests that cash payments in lieu of benefits are **only** excluded from the regular rate insofar as they would be excluded under the FLSA. As previously noted, the FLSA would require such payments to be included in the regular rate when calculating overtime because they are paid directly to employees and not to a third party.

*Barnes v. Akal Sec., Inc.*, No. 04-1350-WEB, 2005 U.S. Dist. LEXIS 12268, at *11 (D. Kan. 2005). Similarly, *Bonner* agreed with *Barnes* and held, "the Department of Labor regulations are not supported by the **plain language** of the SCA and FLSA." *Bonner v. Metro. Sec. Servs.*, 2011 U.S. Dist. LEXIS 26251, at *11 (W.D. Tex. 2011).

In contrast, *Phelps*, looking at the same language, reaches the opposite conclusion and determined:

> Congress' intent is not clear, and the statute in question is silent or ambiguous regarding the issue presented in this case. Although 41 U.S.C. § 351 of the SCA addresses benefit payments included in 29 U.S.C. § 207(e) of the FLSA, it does not address whether employers covered by the SCA can properly exclude payments made in lieu of benefits that are not excludable under the FLSA.

*Phelps v. Parsons Tech. Support, Inc.*, 2010 U.S. Dist. LEXIS 116197, at *5 (S.D. Ind. 2010). The determination of the *Phelps* court is at odds with the plain language of the SCA statute, which clearly states (as held by *Barnes* and *Bonner* courts), that SCA employers are only allowed to exclude cash payments in lieu of benefits from the regular rate insofar as they would be excluded under the FLSA. Indeed, the plain language of the statute literally says this. Therefore, if a cash payment was not excludable under the FLSA, it would not be excludable under the SCA. The *Phelps* court's reading of the statute would render the words, "*which are excluded from the regular rate under the Fair Labor Standards Act*" meaningless.

Third, such a reading, which ignores a portion of the plain language of the statute, also runs afoul of the Tenth Circuit and Supreme Court's longstanding canon against superfluity. "It is a cardinal principle of statutory construction that … if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1161 (10th Cir. 2016), citing to *TRW Inc. v. Andrews*, 534 U.S. 19, 31, 122 S. Ct. 441, 449 (2001), and see *Duncan v. Walker*, 533 U.S. 167, 173, 121 S. Ct. 2120, 2125 (2001).

Fourth, *Phelps* failed to address a principle concept within FLSA law, which is that exceptions to the FLSA regular rate are narrowly construed, *Baker v. Barnard Constr. Co.,* 146 F.3d 1214, 1217 (10th Cir. 1998), and the employer bears the burden of establishing any exception by clear and affirmative evidence. *See Renfro v. City of Emporia, Kan.*, 741 F. Supp. 887, 888 (D. Kan. 1990) (citation omitted) (interpreting an exemption under 29 U.S.C. §213). This is evidence that the *Phelps* decision was not only against the plain language of the statute, but it failed to apply the correct burden in reviewing and reaching its determination. Here, Defendant has not presented clear and affirmative evidence and relies wholly upon a foreign district court with whom two other district courts disagree.

Sixth, the *Phelps* decision is contrary to the legislative history of the SCA which, as previously briefed by Plaintiffs, includes this language that comports with the plain language of the SCA statue:

> [The SCA] simply provides, however, that when overtime is calculated under that statute [Contract Work Hours and Safety Standards Act] for purposes of the employees covered by this bill, then it would omit from the regular rate of pay, the basic hourly wage rate, any of the fringe benefit payments **of the types specified in the Fair Labor Standards Act as being omitted from the regular rate of pay for overtime purposes under the Fair Labor Standards Act.**
>
> This is for the purpose of underlining and emphasizing the need for consistency in administration and in presentation of overtime under all of these statutes in a standard way, so that it would be easier for employers to understand, and easier for agencies to know about; and easier for the Department of Labor to administer.

*Service Contract Act of 1965: Hearing on H.R. 10238 Before the Special Subcomm on Labor of the House Comm. on Education and Labor*, 89th Cong. 8 (Aug. 5, 1965)(statement of Charles Donahue, Solicitor of Labor, Dept. of Labor)(emphasis added).

Because the *Phelps* reading of the SCA is contrary to *Barnes* (a Tenth Circuit district court decision), is contrary to the principles of statutory interpretation, applied the wrong burden (which it also did not mention), and is contrary to the Legislative history, it should not be relied upon by this Court. Instead, the Court should rely upon and follow the decisions of *Barnes* and *Bonner.*

### *2.* Defendant Wholly Ignores Its Own Advertising

As briefed at pages 5 and 12 of Plaintiffs' underlying motion, Since April 1, 2022, Defendant has posted job openings listing an "hourly rate" of $21.00 per hour for unarmed gaurds and $28.00 per hour for armed guards with no reference to any portion of the underlying hourly rates consisting of uniform allowances or health and welfare allowances. (APP 060-61) This is evidence that the regular rate for guards is as Plaintiffs argue, rather than the lower rate at which Defendant has wilfully miscalculated and paid them and for which Plaintiffs are suing under the FLSA. The Company's response brief fails to address or refute this argument. Indeed,

paragraph 2 of the Company's response (page 2 of the Response Brief), does not take issue with Plaintiffs' factual allegations found in Paragraph 23 (page 5) of Plaintiffs' brief. This is therefore an uncontested fact that the Court may view in favor of Plaintiffs' motion for partial summary judgment.

Dated: Friday, March 24, 2023

Respectfully submitted,

George J. McCaffrey, OBA#5851
McCaffrey & Associates, PLLC
P.O. Box 23865
Oklahoma City, OK 73123
Telephone: (405) 767-3300
Facsimile: (405) 767-3309
Email: George@McCaffreyLegal.com

By: *<u>/s/ Joseph H. Gillespie</u>* ***DRAFT***
Joseph H. Gillespie
Texas State Bar No. 24036636
Email: joe@gillespiesanford.com
GILLESPIE SANFORD LLP
4803 Gaston Ave.
Dallas, Texas 75246
Phone: (214) 800-5111
Fax: (214) 838-0001

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above and foregoing document has been served upon Defendant's counsel of record, Nathan L. Whatley, on Friday, March 24, 2023 via the Court's ECF notification system.

By: *<u>/s/ Joseph H. Gillespie</u>*
Joseph H. Gillespie