## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DIANA RATTLER-BRYCELAND and RANDALL HAMPTON, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOUTCHANTHARAJ CORP., d/b/a DFW SECURITY PROTECTIVE FORCE,<br><br>Defendant. | No. CIV-22-106-R |

## **ORDER**

Before the Court is Plaintiffs' Motion for Partial Summary Judgment [Doc. No. 20]. The matter is fully briefed and at issue [Doc. Nos. 26, 27].

## BACKGROUND

Plaintiffs bring this collective action against their employer, DFW Security Protective Force, alleging it incorrectly calculated their overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. The following facts are undisputed:

Plaintiffs are a group of security guards employed by DFW. They are not exempt under the FLSA and are therefore entitled to overtime pay. DFW pays its employees $0.25 per hour for a "uniform maintenance" payment and (depending on the time period at issue) $4.52, $4.77, $5.02, $5.27, or $5.52 per hour for a "health and welfare" payment, but excludes these payments from the rate of pay when calculating overtime. Both payments

are paid directly to the employees. A now-expired collective bargaining agreement that previously governed the parties' relationship specifically excluded the health and welfare payment from the overtime rate of pay.

Plaintiffs argue that DFW has violated the FLSA by excluding the uniform maintenance payment and health and welfare payment from its overtime pay calculations. DFW contends that these payments were properly excluded from the overtime pay rate pursuant to federal regulations promulgated by the Department of Labor.

## STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way.... An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Id*. at 670–71 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "If the movant carries this initial burden, the nonmovant that would bear the burden of persuasion at trial may not simply rest upon its pleadings; the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Id*. at 671 (citing Fed. R. Civ. P. 56(e)). "The evidence of

the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at. at 255.

## DISCUSSION

The FLSA requires employers to pay overtime wages "at a rate not less than one-and-one-half times the regular rate" of the employee's compensation. 29 U.S.C. § 207(a)(1). Several categories of payments are excluded from the regular rate, including

> contributions irrevocably made by an employer to a trustee or third person pursuant to a bona fide plan for providing old-age, retirement, life, accident, or health insurance or similar benefits for employees;…

*Id.* at § 207(e)(4).[1]

The health and welfare payments do not fall within this category because the payments are made as direct cash payments to the employees, not to third persons or a trustee. *See Flores v. City of San Gabriel*, 824 F.3d 890, 901 (9th Cir. 2016) ("The City's cash-in-lieu of benefits payments are not made to a trustee or third party, and therefore those payments do not meet the requirements of § 207(e)(4)."). Accordingly, "absent some other exception," the uniform maintenance payments and health and welfare payments

---

[1] The FLSA also excludes from the regular rate "other similar payments to an employee which are not made as compensation for his hours of employment." 29 U.S.C. § 207(e)(2). DFW asserts that the uniform maintenance payment and health and welfare payment can be excluded under this category because the payments are not made as compensation for hours worked. Other than this conclusory statement, DFW does not develop this line of argument further. Accordingly, the Court finds that DFW has not met its burden to establish that the payments are excluded under this subsection of the FLSA. *Baker v. Barnard Constr. Co.*, 146 F.3d 1214, 1217, n.1 (10th Cir. 1998) (recognizing that "it is the employer's burden to justify a 29 U.S.C. § 207(e) exclusion of payments from the regular rate of compensation"); *Spradling v. City of Tulsa*, 95 F.3d 1492, 1499 (10th Cir. 1996) (stating that "FLSA case law is clear that the employer bears the burden of demonstrating its right to an exemption").

"must be included in the regular rate for overtime calculations under the FLSA." *Barnes v. Akal Sec., Inc.*, No. 04-1350, 2005 WL 1459112, at *3 (D. Kan. June 20, 2005).

DFW argues that just such an exception can be found in certain federal regulations interpreting the Service Contract Act, 41 U.S.C. §§ 6701 et seq.[2] The SCA "provides labor standards for employees of contractors furnishing services for federal agencies." *Barnes*, 2005 WL 1459112, at *3; *see also* 41 U.S.C. § 6702. Among other standards, the SCA requires employers to provide certain fringe benefits:

> **(2) Fringe benefits.**--The contract and bid specification shall contain a provision specifying the fringe benefits to be provided to each class of service employee engaged in the performance of the contract or any subcontract, as determined by the Secretary or the Secretary's authorized representative to be prevailing in the locality, or, where a collective-bargaining agreement covers the service employees, to be provided for under the agreement, including prospective fringe benefit increases provided for in the agreement as a result of arm's-length negotiations. The fringe benefits shall include medical or hospital care, pensions on retirement or death, compensation for injuries or illness resulting from occupational activity, or insurance to provide any of the foregoing, unemployment benefits, life insurance, disability and sickness insurance, accident insurance, vacation and holiday pay, costs of apprenticeship or other similar programs and other bona fide fringe benefits not otherwise required by Federal, State, or local law to be provided by the contractor or subcontractor. The obligation under this paragraph may be discharged by furnishing any equivalent combinations of fringe benefits or by making equivalent or differential payments in cash under regulations established by the Secretary.

41 U.S.C. § 6703(2). Of particular importance to this matter is the last sentence of this subsection, which permits an employer to satisfy its duty to provide fringe benefits by

---

[2] Neither party disputes that the SCA applies here.

making "any equivalent combinations of fringe benefits or by making equivalent or differential payments in cash." *Id.*[3]

The SCA also includes a provision that specifically addresses how to treat fringe benefit payments when calculating overtime pay:

> **Exclusion of fringe benefit payments in determining overtime pay.**--In determining any overtime pay to which a service employee is entitled under Federal law, the regular or basic hourly rate of pay of the service employee does not include any fringe benefit payments computed under this chapter which are excluded from the definition of "regular rate" under section 7(e) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(e)).

*Id.* at § 6707(e).

Plaintiffs argue that this provision unambiguously states that fringe benefit payments – whether made to a third party or as cash payments to an employee – are only excluded from overtime pay if the payments are also excluded from the regular rate under the FLSA. The Court agrees. The plain language of § 6707(e) "suggests that cash payments in lieu of benefits are only excluded from the regular rate insofar as they would be excluded under the FLSA." *Barnes*, 2005 WL 1459112, at *3; *see also Bonner v. Metro. Sec. Servs., Inc.*, No. 10-CV-937, 2011 WL 902252, at *3 (W.D. Tex. Mar. 15, 2011).[4] DFW has opted

---

[3] The Court recognizes that § 6703(2) grants the Secretary of Labor explicit authority to establish regulations relating to permissible methods of furnishing equivalent fringe benefits and cash payments. This authority does not, however, require the Court to defer to regulations that contradict the plain language of the statute. *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843 n.9 (1984) ("The judiciary is the final authority on issues of statutory construction and must reject administrative constructions which are contrary to clear congressional intent.").

[4] *Contra Phelps v. Parsons Tech. Support, Inc.*, No. CIV. 09-0327, 2010 WL 4386920, at *2 (S.D. Ind. Oct. 29, 2010) (deferring to the DOL regulations after concluding that "Congress' intent is not clear, and the statute in question is silent or ambiguous regarding the issue presented in this case").

to satisfy its obligation to provide fringe benefits by making cash equivalent payments directly to its employees. Such payments are not excluded from the regular rate under the FLSA and they are therefore not excluded under the SCA.

To avoid this outcome, DFW asks the Court to defer to well-established regulations promulgated by the Department of Labor stating that fringe benefits provided as cash equivalent payments may be excluded from the regular rate under certain circumstances:

> If the employer furnishes equivalent benefits or makes cash payments, or both, to an employee as therein authorized, the amounts thereof, to the extent that they operate to discharge the employer's obligation under the [SCA] to furnish such specified fringe benefits, may be excluded pursuant to such Act from the employee's regular or basic rate of pay in computing any overtime pay due the employee under the Fair Labor Standards Act, pursuant to the rule provided in § 4.55 of this title. This means that such equivalent fringe benefits or cash payments which are authorized under the [SCA] to be provided in lieu of the fringe benefits specified in determinations issued under such Act are excludable from the regular rate in applying the overtime provisions of the Fair Labor Standards Act if the fringe benefits specified under the [SCA] would be so excludable if actually furnished. This is true regardless of whether the equivalent benefits or payments themselves meet the requirements of section 7(e) of the Fair Labor Standards Act and subpart C of this part 778.

29 C.F.R. § 778.7; *see also* 29 C.F.R. § 4.177(e); 29 C.F.R. § 4.182. Although these regulations lend support to DFW's position, deference to an agency's interpretation of a statute is only warranted where "the statute is silent or ambiguous with respect to the specific issue." *Chevron*, 467 U.S. at 843. That is not the case here.

DFW contends § 6707(e) is completely silent as to whether an employer satisfying its obligations to provide fringe benefits by making equivalent cash payments must include these payments in the regular rate. On the contrary, § 6707(e) specifically instructs employers to exclude "any fringe benefit payments computed under this chapter" that are

6

excluded under the FLSA. "When the Supreme Court has discussed the exercise of agency discretion in the interstices created by statutory silence, it has done so only when considering undefined terms in a statute or statutory directive to perform a specific task without giving detailed instructions." *Maralex Res., Inc. v. Barnhardt*, 913 F.3d 1189, 1201 (10th Cir. 2019) (internal quotation marks and citations omitted). Section 6707(e) plainly encompasses any fringe benefit payments, including fringe benefits provided as cash equivalent payments, and does not leave any terms or statutory directives undefined. *See id.* Accordingly, with respect to the specific issue presented here, there is no gap or silence for the agency to fill and deference to the DOL regulations, which contradict the plain language of the statute, is inappropriate. *Chevron*, 467 U.S. at 842-43 ("If the intent of Congress is clear, that is the end of the matter; the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress."); *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989) ("[W]here, as here, the statute's language is plain, the sole function of the courts is to enforce it according to its terms.") (internal quotation marks and citation omitted).

The plain language of § 6707(e) provides that the regular rate does not include any fringe benefit payments that are excluded from the regular rate under the FLSA. DFW's uniform maintenance payments and health and welfare payments are not excluded from the regular rate under the FLSA and they are therefore not excluded from the regular rate under the SCA when calculating overtime pay.[5]

---

[5] Plaintiffs additionally argue that the parties' former collective bargaining agreement, which excluded the health and welfare payments from overtime pay, is no defense because

## CONCLUSION

For the reasons explained above, Plaintiffs' Motion for Partial Summary Judgment [Doc. No. 20] is GRANTED. The Court finds that DFW has violated the FSLA by failing to include the uniform maintenance and health and welfare payments in the regular rate when calculating overtime pay.

IT IS SO ORDERED this 18th day of May 2023.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

FLSA rights cannot be abridged by contract. DFW contends that this argument misses the point and that it is relying on the collective bargaining agreement to demonstrate that it did not willfully violate the FSLA. Because Plaintiffs' motion does not seek a ruling that DFW acted willfully, the Court makes no finding on this issue at this time.