IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DIANA RATTLER-BRYCELAND and | ) | |
| RANDALL HAMPTON, on behalf of | ) | |
| themselves and all those similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. CIV-22-106-R |
| | ) | |
| BOUTCHANTHARAJ CORP., d/b/a | ) | |
| DFW SECURITY PROTECTIVE FORCE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This case involves claims that Defendant Boutchantharaj Corp., d/b/a DFW Security

Protective Force, willfully failed to include certain benefit payments in Plaintiffs' overtime

compensation in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. On

May 19, 2023, the Court granted Plaintiffs' Motion for Partial Summary Judgment, finding

that Defendant's overtime calculations did indeed violate the FLSA [Doc. No. 28]. Now

before the Court is Defendant's Motion for Partial Summary Judgment [Doc. No. 32]

contending that the undisputed facts establish that any violations of the FLSA were not

willful. The issue is an important one because "[t]he FLSA generally imposes a two-year

statute of limitations unless the defendant's violations are shown to be willful, in which

case a three-year period applies." *Mumby v. Pure Energy Servs. (USA), Inc*., 636 F.3d 1266,

1270 (10th Cir. 2011) (citing 28 U.S.C. § 255(a)). The motion is fully briefed and at issue

[Doc. Nos. 35, 39, 44].

## FACTUAL BACKGROUND[1]

Defendant provides security services pursuant to a contract with the United States government. The contract is subject to the Service Contract Act, 41 U.S.C. §§ 6701 *et seq.*, which requires the Department of Labor to set forth the prevailing wages and fringe benefits that must be provided to the contractor's employees. 41 U.S.C. §§ 6703; 6707(f). To comply with these wage requirements, Defendant paid its employees, including Plaintiffs, a certain amount per hour as a uniform allowance and an additional amount per hour as a health and welfare benefit.

A Collective Bargaining Agreement entered into by Defendant and the union representing Plaintiffs provides that "[t]he overtime rate of pay shall not include Health and Welfare payments." *See* Doc. No. 8-2 at ¶ 15.1(B). The CBA also provides that overtime pay shall be determined in accordance with the FLSA and that federal law prevails to the extent there is a conflict between the CBA and such law. *Id.* at ¶¶ 1.2, 3.6, 15.1.[2]

On February 4, 2022, Plaintiffs initiated this lawsuit, contending that Defendant's failure to include the health and welfare and uniform maintenance payments in its overtime rate violated the FLSA. The Court agreed and granted summary judgment on this issue in a May 19, 2023 order. Although the Court found that Defendant's overtime pay rate

---

[1] Unless otherwise noted, the facts in this section include properly supported facts stated by Defendant in its supporting brief that are admitted or undisputed by Plaintiffs in their response.

[2] The CBA was initially effective from April 1, 2018 through March 31, 2021. Although the parties dispute whether it was renewed or terminated following the initial term, this dispute is not material.

conflicted with the plain language of the FLSA, the Court also recognized that regulations promulgated by the Department of Labor state that an employer may exclude certain fringe benefits from the overtime rate. *See* 29 C.F.R. §§ 4.177(e); 4.182; 778.7.

Defendant asserts that its decision to exclude the benefit payments from the overtime rate was based on its review of these regulations and the DOL's Prevailing Wage Resource Book.[3] Def. Ex. 1 [Doc. No. 32-1] ¶ 9. Defendant further asserts that it had no knowledge that any court had found the DOL's regulations to conflict with the FLSA until Plaintiffs filed their summary judgment motion and even then, its management "understood" that the proper treatment of benefit payments "was an unsettled question in this jurisdiction[.]" *Id.* at ¶¶ 10-11. These factual assertions are exclusively supported by a declaration from Somkhit Boutchantharaj, the CEO of Defendant.

Plaintiffs contend that these portions of Mr. Boutchantharaj's declaration are inadmissible because they are conclusory and not based on personal knowledge. Plaintiffs additionally point out that Defendant has not changed its overtime pay rate to comply with the Court's May 19, 2023 order and Defendant has not provided any documentation showing that it communicated with legal counsel or relevant federal agencies regarding the proper way to calculate overtime pay.

---

[3] Defendant has not included a copy of or a citation to the resource book it purportedly relied on. However, the Court takes judicial notice of the fact that the DOL's website, which is a matter of public record, includes a copy of the Prevailing Wage Resource Book. *See* https://www.dol.gov/agencies/whd/government-contracts/prevailing-wage-resource-book. *See also Pahls v. Thomas*, 718 F.3d 1210, 1216 (10th Cir. 2013) (relying on Fed. R. Evid. 201(b) to take judicial notice of a google map at the summary judgment stage); *Schmidt v. Int'l Playthings LLC*, 536 F. Supp. 3d 856, 922 (D.N.M. 2021) (taking judicial notice of agency website at summary judgment stage).

## STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way.... An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Id*. at 670–71 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "If the movant carries this initial burden, the nonmovant that would bear the burden of persuasion at trial may not simply rest upon its pleadings; the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Id*. at 671 (citing Fed. R. Civ. P. 56(e)). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at. at 255.

## DISCUSSION

Defendant argues that summary judgment in its favor is appropriate because Plaintiffs lack any evidence that it willfully violated the FLSA. Plaintiffs counter that genuine factual disputes concerning whether Defendant acted with reckless disregard

preclude summary judgment on this issue.[4] Before addressing the merits of these

arguments, the Court first turns to Plaintiffs' objection to Mr. Boutchantharaj's declaration.

Federal Rule of Civil Procedure 56(c)(4) provides that affidavits supporting or

opposing a summary judgment motion "must be made on personal knowledge." Along

these same lines, Federal Rule of Evidence 602 requires a testifying witness to have

"personal knowledge of the matter."[5] "Under the personal knowledge standard, an affidavit

is inadmissible if the witness could not have actually perceived or observed that which he

testifies to." *Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1200 (10th

Cir. 2006) (internal quotation marks omitted). Further, "conclusory and self-serving

affidavits" are not competent evidence at the summary judgment stage. *Hall v. Bellmon*,

935 F.2d 1106, 1111 (10th Cir. 1991); *see also Bones v. Honeywell Int'l, Inc.*, 366 F.3d

869, 875 (10th Cir. 2004) ("To defeat a motion for summary judgment, evidence, including

testimony, must be based on more than mere speculation, conjecture, or surmise.").

As previously noted, Defendant relies exclusively on Mr. Boutchantharaj's sworn

declaration for three important assertions:

---

[4] Plaintiffs' response brief notes that Defendant does not seek summary judgment with respect to its good faith and reasonableness defense. Defendant does not dispute this characterization in its reply brief.

[5] Neither Fed. R. Civ. P 56(c)(4) nor Fed. R. Evid. 602 carves out an exception to the personal knowledge requirement for testimony provided by a corporate witness pursuant to Fed. R. Civ. P. 30(b)(6). *See Herrera v. Corp. of President of Church of Jesus Christ of Latter-Day Saints,* No. CV 20-318 SCY/LF, 2023 WL 2743534, at *4–5 (D.N.M. Mar. 31, 2023) ("Moreover, the Tenth Circuit's repeated holdings that Rule 56(c)(4) requires personal knowledge constitutes binding precedent and the Court is disinclined to carve out an exception to the Tenth Circuit's mandate absent some indication that the Tenth Circuit would endorse such an exception.").

- The decision to not include the benefit payments in the overtime pay rate was based on DFW's review and reliance on the DOL's regulations and resource book (Def. Ex. 1 ¶ 9);
- DFW management had no knowledge that any court had questioned the DOL regulations prior to receiving Plaintiff's summary judgment motion (*id.* at ¶ 10); and
- DFW management understood that the treatment of benefit payments under the SCA was an unsettled question in this jurisdiction. *Id.* at ¶ 11.

The declaration further states that Mr. Boutchantharaj has personal knowledge of these matters and knowledge based on his personal review of Defendant's business records. Plaintiffs argue that his conclusory statement that he has personal knowledge is squarely contradicted by his deposition testimony. Incredibly, Defendant offers no rebuttal to this argument.

After reviewing the cited portion of Mr. Boutchantharaj's testimony, the Court agrees with Plaintiffs. When questioned about the factual basis for the assertions in paragraph 9, Mr. Boutchantharaj testified that Defendant's contract manager made the decision not to include benefit payments in the overtime pay rate but it had been "a while" since he had spoken to her. Pls.' Ex. 2 [Doc. No. 35-2] 115:12-118:12; 119:5-121:23. Mr. Boutchantharaj then explained that his statement is based on his assumption that the contract manager did her job and his belief that the company "would have" reviewed the DOL regulations thirty to sixty days prior to the start of the contract. *Id.* Regarding paragraph 11, Mr. Boutchantharaj testified that he was referring to the company's program managers. *Id.* at 138:6-143:13. When first asked whether he spoke to a specific program manager about the treatment of benefit payments he responded no, then he responded yes but maybe not in detail, then he stated that he had no written communications about this

6

topic but he is "sure" there were discussions about "the issue and the lawsuit." *Id.* When asked if he has reviewed any court cases, a straightforward yes or no question, Mr. Boutchantharaj testified "I haven't gotten to that point where we could say yes to that yet." *Id.* at 142:13-19.

Given this testimony, the Court concludes that Mr. Boutchantharaj's assertions in paragraphs 9-11 of his declaration are not based on his personal knowledge. His testimony indicates that the basis of his knowledge is his assumption that various employees were performing their job duties as opposed to his personal observations, involvement, conversations, or review of applicable documents. Further, the declaration itself is "woefully short on details" about the relevant decisions and discussions and does not sufficiently establish Mr. Boutchantharaj's personal knowledge of the matters discussed. *See Hansen v. PT Bank Negara Indonesia (Persero)*, 706 F.3d 1244, 1251 (10th Cir. 2013) (excluding declaration that lacked sufficient detail or evidence of personal knowledge). Defendant has not identified any other testimony or evidence indicating that Mr. Boutchantharaj has personal knowledge of the matters stated in paragraphs 9-11 of his declaration and these statements are therefore inadmissible.

Nevertheless, even without these statements, the Court agrees with Defendant that there is insufficient evidence from which a reasonable juror could conclude that Defendant willfully violated the FLSA. The FLSA provides that an action for unpaid overtime compensation "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the

cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 28 U.S.C. § 255(a).

To establish a willful violation, "the plaintiff must show that 'the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" *Mumby,* 636 f.3d at 1270 (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). "Reckless disregard can be shown through 'action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.* (quoting *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007)). Importantly, "[n]egligence or an incorrect assumption that a pay plan complies with the FLSA do not meet the criteria for a willful violation of the FLSA." *Terwilliger v. Home of Hope, Inc.*, 21 F. Supp. 2d 1305, 1308 (N.D. Okla. 1998); *see also McLaughlin*, 486 U.S. at 135. Thus, where courts have found willfulness, there has generally been evidence suggesting that the employer deliberately attempted to evade the FLSA, such as by falsifying records, *Acosta v. Maranto*, No. CIV-15-1378-D, 2018 WL 1997770, at *6 (W.D. Okla. Apr. 27, 2018), lying to investigators, *Perez v. El Tequila, LLC*, No. 12-CV-588-JED-PJC, 2015 WL 9308272, at *1 (N.D. Okla. Dec. 22, 2015, or ignoring specific warnings about non-compliance. *Mumby*, 636 F.3d at 1270-72.

Plaintiffs in this case lack any evidence of this sort. They primarily rely on Defendant's refusal to change its overtime pay rate following the Court's May 18, 2023 order. This post-suit conduct does not, however, permit an inference that Defendant recklessly disregarded its FLSA obligations prior to the lawsuit. The case Plaintiffs rely on, *Perez*, 2015 WL 9308272, does not persuade the Court otherwise. In *Perez*, the district

court found that an employer's uncontroverted admission that he falsified payroll records and lied to investigators *after* the relevant time period supported an inference that he was violating the FMLA *during* the relevant time period. *Id.* at 1. But *Perez* involved an employer taking affirmative steps to hide its unlawful conduct. In contrast, the conduct involved here is simply that Defendant lost on summary judgment and is (perhaps stubbornly) refusing to change its payroll practices until the case concludes. Unlike the coverup in *Perez*, Defendant's litigation conduct does not shed light on its knowledge or intent at the time the subject FLSA violations occurred.

As additional support, Plaintiffs note that Defendant did not consult with a lawyer, did not perform adequate research into its FLSA obligations, does not have any documentation indicating that it communicated with relevant federal agencies about its FLSA obligations, and made other payroll errors or violations. None of these failures, even when considered cumulatively, evince anything more than negligent or unreasonable conduct. *See Fowler v. Incor*, 279 F. App'x 590, 602 (10th Cir. 2008) (failure to consult a lawyer or investigate lawsuits against other employers did not create a genuine dispute as to willfulness); *Chapman v. BOK Fin. Corp.*, No. 12-CV-613-GKF-PJC, 2014 WL 3700870, at *4 (N.D. Okla. July 25, 2014) (prior FLSA lawsuit against defendant involving different issue did not show willfulness); *Zachary v. Rescare Oklahoma, Inc.*, 471 F. Supp. 2d 1183, 1192 (N.D. Okla. 2006) (rejecting argument that employer must seek an opinion from the DOL or an attorney to avoid a finding of recklessness); *Gottlieb v. Constr. Servs. & Consultants, Inc.*, No. 05-14139-CIV, 2006 WL 5503644, at *8 (S.D. Fla. July 24, 2006) (finding that FLSA violations were not willful where employer relied on CEO's experience

9

in the industry and "did not do any research to determine whether their conduct was prohibited by statute"). Defendant may have been less than thorough in researching the issue or documenting its decision-making process, but that does not show a reckless disregard for its statutory obligations.

Ultimately, the Court is not persuaded that a reasonable jury considering the evidence in the light most favorable to Plaintiffs could conclude that Defendant willfully violated the FLSA when Defendant was, in fact, paying its employees in a manner that is consistent with the DOL's regulations interpreting the FLSA and SCA. The DOL's interpretation was (and is) codified in the Code of Federal Regulations and included in the resource materials the DOL provides to the public. And although two district courts had previously found these regulations to conflict with the FLSA, at least one district court reached the opposite conclusion.[6] Even if Defendant did not review these materials or consult with the DOL, its use of an overtime pay rate that is consistent with the DOL's interpretation is not the sort of action that could fairly be described as reckless.

## CONCLUSION

Considering the record as a whole and drawing all reasonable inferences in Plaintiffs' favor, the Court finds that there is insufficient evidence from which a reasonable factfinder could conclude that Defendant willfully violated the FLSA. Defendant's Motion for Partial Summary Judgment [Doc. No. 32] is therefore GRANTED.

---

[6] Compare *Bonner v. Metro. Sec. Servs., Inc.*, No. SA-10-CV-937-XR, 2011 WL 902252 (W.D. Tex. Mar. 15, 2011), and *Barnes v. Akal Sec., Inc.*, No. 04-1350-WEB, 2005 WL 1459112 (D. Kan. June 20, 2005), with *Phelps v. Parsons Tech. Support, Inc.*, No. CIV. 2:09-0327-JMS, 2010 WL 4386920 (S.D. Ind. Oct. 29, 2010).

IT IS SO ORDERED this 5th day of September, 2023.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE